UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDREW SEPOLVEDA, #15003136,

      Plaintiff,

  -against-

ARMOR CORRECTIONAL HEALTH SERVICE, INC.,
NASSAU COUNTY, and NASSAU COUNTY
SHERIFF'S DEPARTMENT,

      Defendants.
------------------------------------------------------------------X

FILED
CLERK
10/28/2015 12:40 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

MEMORANDUM AND ORDER
15-CV-4415 (SJF)(GRB)

FEUERSTEIN, District Judge:

I. Introduction

On July 23, 2015, incarcerated *pro se* plaintiff Andrew Sepolveda ("plaintiff") filed a complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Armor Correctional Health Service, Inc. ("Armor"), Nassau County ("the County"), and the Nassau County Sheriff's Department ("NCSD") (collectively, "defendants"), accompanied by an application to proceed *in forma pauperis*. Since plaintiff's financial status, as set forth in his declaration in support of the application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fee, *see* 28 U.S.C. §§ 1914(a); 1915(a)(1), plaintiff's request to proceed *in forma pauperis* is granted. However, for the reasons set forth below, the complaint is *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim for relief.

II.     Background[1]

Plaintiff alleges that on June 11, 2015, he was bitten by a spider while in the shower at the Nassau County Correctional Center ("the Jail") because the NCSD "never has had an exterminator come and spray." (Compl. at 6). According to plaintiff, the next day, "it," presumably the area of his body on which he had been bitten, "swelled to an absurd proportion," (*id.*), so he went to an unidentified staff member of Armor and "told them [he] was in pain." (*Id.*) Although the staff member said "they would look into it[,]" nothing happened. (*Id.*) He "then told correctional staff [and] they said return they were busy[,]" (*id.*), however, when he later returned, "they said they would call medical . . . but they didn't get back to [him]." (*Id.*) According to plaintiff, he then "waited for [the] nurse to come back." (*Id.*) "During evening medication the nurse examined it, [and] poked it with a plastic medication cup[,]" causing him to "cringe[] in pain." (*Id.*) The nurse then "said it was really bad and. . . she would get back to [him][,]" but again nothing happened. (*Id.*) When it was time for the 10:00 p.m. "Lock in," plaintiff told the correctional staff of the floor that he was in pain and they "asked to see the affected area, . . . [and] said that [it] was bad [and] . . . they would call medical." (*Id.*) After "[s]ome more time lapsed[,] . . . [plaintiff] ask[ed] agian [sic] [and] they said if medical calls they'll get [him] time to Lock in[,]" (*id.*), but a little while later, "they told [him] it wasn't an emergency." (*Id.*) Plaintiff told them that it was an emergency and "that [he] was having trouble breathing [and] having chest pains[,]" (*id.*), and "they said if [he] went to medical and [medical]

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, *see*, *e.g.*, *Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true), and do not constitute findings of fact by the Court.

said it wasn't an emerg[ency] [he] would recie [sic] a disciplinary pack up." (*Id.*) According to plaintiff, he did not see a doctor or receive any medical treatment for seven (7) to eight (8) days. (*Id.*)

Plaintiff alleges, *inter alia*, that he "contracted mercer, had an open soar on [his] body in an unsanitary condition, neglected medical care chest and breathing problems in bacteria infested area[,] did not receive proper diet, medications, IV fluids. . ., dressing changes, clothing [] changes, sanitary conditions, no proper medical treatment was recieved [sic], oozing of puss [sic] substance on self, bleeding and constant severe pain, sleeplessnes [sic], hopelessness, anxiety, panic, depression, mental anguish and other emotional trauma. . . ." (Compl. at 7). Plaintiff seeks to recover damages in the total amount of six hundred thousand dollars ($600,000.00) for his pain and suffering. (*Id.*)

III. Discussion

A. Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013), and to

construe them "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume "all well-pleaded, nonconclusory factual allegations in the complaint to be true." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), *aff'd*, — U.S. —, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009)); *see also Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). While the plausibility standard "does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1937).

B.  Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

4

42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, --- U.S. ----, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012). To state a claim under § 1983, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citation omitted); *see also Rehberg v. Paulk*, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).

1. Claims against the NCSD

"'Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued.'" *Burbar v. Incorporated Village of Garden City*, 961 F. Supp. 2d 462, 471 (E.D.N.Y. 2013) (quoting *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)); *see also Robischung-Walsh v. Nassau County Police Dep't*, 699 F. Supp. 2d 563, 565 (E.D.N.Y. 2010), *aff'd*, 421 F. App'x 38 (2d Cir. 2011). Since the NCSD is an administrative arm of the County of Nassau, it lacks the capacity to be sued. *See, e.g. Varricchio v. County of Nassau*, 702 F. Supp. 2d 40, 50 (E.D.N.Y. 2010) (dismissing claims against the NCSD). Accordingly, plaintiff's claims against the NCSD are dismissed in their entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

2. Municipal Liability

"[A] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012), *cert. denied*, 134 S. Ct. 125, 187 L. Ed. 2d 255 (2013); *accord Matusick v. Erie County Water Auth.*, 757 F.3d 31, 62 (2d Cir. 2014). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." *Jones*, 691 F.3d at 80; *see also Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) (holding that under Section 1983, governmental bodies are not vicariously liable for their employees' actions); *Los Angeles County, Cal. v. Humphries*, 562 U.S. 29, 131 S. Ct. 447, 452, 178 L. Ed. 2d 460 (2010) ("[A] municipality cannot be held liable solely for the acts of others, e.g., *solely* because it employs a tortfeasor." (emphasis in original) (quotations and citation omitted)); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

Similarly, private employers acting under color of state law, like Armor[2], "are not liable under Section 1983 for the constitutional torts of their employees * * * unless the plaintiff proves that action pursuant to official . . . *policy* of some nature caused a constitutional tort." *Rojas v.*

---

[2] Although Armor is a private company contracted to perform medical services for prisoners at the Jail, *see, e.g., Briel v. Sposato*, No. 12-CV-2868, 2012 WL 3697806, at *5 (E.D.N.Y. Aug. 21, 2012), "anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Filarsky*, --- U.S. ----, 132 S. Ct. at 1661; *see also Hollander v. Copacabana Nightclub*, 624 F.3d 30, 33 (2d Cir. 2010). As the entity with which the Jail contracted to provide medical services to its prisoners, Armor was acting under color of state law for purposes of Section 1983 with respect to its duties in rendering such medical services to plaintiff. *See West v. Atkins*, 487 U.S. 42, 54, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988) (holding that a physician employed to provide medical services to state prisoners "acted under color of state law for purposes of Section 1983 when undertaking his duties in treating [the plaintiff's] injuries.")

*Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990); *see also Green v. City of New York*, 465 F.3d 65, 82 (2d Cir. 2006) (finding that a hospital was not vicariously liable for any constitutional torts that its employees may have committed). To prevail on a Section 1983 claim against a municipal entity or private employer acting under color of state law, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality [or employer] caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008); *see also Connick*, 563 U.S. 51, 131 S. Ct. at 1359 ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting *Monell*, 436 U.S. at 691, 98 S. Ct. 2018)); *Humphries*, 562 U.S. 29, 131 S. Ct. at 452 ("[A] municipality may be held liable when execution of a government's *policy or custom* . . . inflicts the injury." (emphasis in original) (quotations and citation omitted)).

"A municipal policy may be pronounced or tacit and reflected in either action or inaction." *Cash v. County of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. 51, 131 S. Ct. at 1359. In addition, municipal liability can be established "by showing that a policymaking official ordered or ratified the employee's actions - either expressly or tacitly." *Jones*, 691 F.3d at 81. "Thus, a plaintiff can prevail against a municipality by showing that the policymaking official was aware of the employee's unconstitutional actions and consciously chose to ignore them." *Id.* To establish such deliberate indifference, "a plaintiff must show that a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but

7

failed to take appropriate action to prevent or sanction violations of constitutional rights." *Id.* "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action[,]" *Connick*, 563 U.S. 51, 131 S. Ct. at 1360 (quotations and citation omitted), and "requires a showing that the official made a conscious choice, and was not merely negligent." *Jones*, 691 F.3d at 81; *see also Cash*, 654 F.3d at 334.

To state a claim for municipal liability under Section 1983, a plaintiff must allege more than that a municipal policy or custom exists. *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) ("[T]he mere assertion that a municipality has * * * a custom or policy is insufficient [to withstand dismissal] in the absence of allegations of fact tending to support, at least circumstantially, such an inference * * *." (quotations, alterations and citation omitted)); accord *Zherka v. City of New York*, 459 F. App'x 10, 12 (2d Cir. Jan. 19, 2012) (summary order). "Rather, a plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." *Santos v. New York City*, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012); *accord Triano v. Town of Harrison, N.Y.*, 895 F. Supp. 2d 526, 535 (S.D.N.Y. 2012).

The complaint is devoid of any factual allegations from which it may reasonably be inferred that a policy or custom of the County or Armor caused the conduct of which plaintiff complains. Plaintiff has not alleged, *inter alia*: (1) the existence of a formal policy which was officially endorsed by the County, the Jail or Armor; (2) actions taken or decisions made by policymaking officials of the County, the Jail or Armor which caused the alleged violations of his civil rights; (3) a practice of the County, the Jail or Armor so persistent and widespread as to

practically have the force of law; or (4) a failure by policymakers of the County, the Jail or Armor to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with their employees. Since the complaint fails to state a plausible Section 1983 claim against the County or Armor, plaintiff's Section 1983 claims against the County and Armor are dismissed in their entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief, **unless on or before December , 2015**, plaintiff files an amended complaint re-pleading his Section 1983 claims against the County and Armor to correct the deficiencies set forth herein. *See Grullon v. City of New Haven*, 720 F.3d 133, 139-40 (2d Cir. 2013) ("A *pro se* complaint should not be dismissed without * * * granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quotations, brackets and citation omitted)).

IV.     Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted; plaintiff's claims against the NCSD are *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief; and plaintiff's claims against the County and Armor are *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief, **unless plaintiff files an amended complaint in accordance with this Order on or before December 14, 2015**. Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this Order upon plaintiff as provided in Rule 5(b) of the

9

Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

                                                /s/
                                       Sandra J. Feuerstein
                                       United States District Judge

Dated:        October 28, 2015
               Central Islip, New York