FILED
CLERK
4/11/2016 11:02 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDREW SEPOLVEDA, #15003136,

                Plaintiff,

      -against-

ARMOR CORRECTIONAL HEALTH SERVICE, INC.,
NASSAU COUNTY, "NURSE #1," "CORRECTIONAL
OFFICERS #1 AND #2," and "PM SHIFT
CORRECTIONAL OFFICERS #1 AND #2,"

                Defendants.
------------------------------------------------------------------X

MEMORANDUM AND ORDER
15-CV-4415 (SJF)(GRB)

FEUERSTEIN, District Judge:

I.     Introduction

On July 23, 2015, incarcerated *pro se* plaintiff Andrew Sepolveda ("plaintiff") filed a complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Armor Correctional Health Service, Inc. ("Armor"), Nassau County ("the County"), and the Nassau County Sheriff's Department ("NCSD"), accompanied by an application to proceed *in forma pauperis*. By Order dated October 28, 2015, plaintiff's application to proceed *in forma pauperis* was granted; plaintiff's claims against the NCSD were *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief; and plaintiff's claims against the County and Armor were *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief, unless plaintiff filed an amended complaint correcting the pleading deficiencies in his claims against the County and Armor on or before December 14, 2015. By Order dated December 22, 2015, *inter alia*, I granted plaintiff an extension of time to file an amended complaint until

1

January 29, 2016.

On or about January 29, 2016, plaintiff filed an amended complaint against Armor, the County, and several unidentified defendants ("the 'Doe' defendants"), designated as "Nurse #1," "correctional officers #1 and #2" and "the pm shift correctional officers #1 and #2." For the reasons set forth below, and in the October 28, 2015 Order, plaintiff's claims are *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

II.     Background[1]

   A.     Original Complaint

In the original complaint, plaintiff alleged that on June 11, 2015, he was bitten by a spider while in the shower at the Nassau County Correctional Center ("NCCC") because the NCSD "never has had an exterminator come and spray." (Compl. at 6). According to plaintiff, the next day, "it," presumably the area of his body on which he had been bitten, "swelled to an absurd proportion," (*id.*), so he went to an unidentified staff member of Armor and "told them [he] was in pain." (*Id.*) Although the staff member said "they would look into it[,]" nothing happened. (*Id.*) He "then told correctional staff [and] they said return they were busy[,]" (*id.*), however, when he later returned, "they said they would call medical . . . but they didn't get back to [him]." (*Id.*) According to plaintiff, he then "waited for [the] nurse to come back." (*Id.*) "During

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, *see*, *e.g.*, *Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true), and do not constitute findings of fact by the Court.

2

evening medication the nurse examined it, [and] poked it with a plastic medication cup[,]" causing him to "cringe[] in pain." (*Id.*) The nurse then "said it was really bad and. . . she would get back to [him][,]" but again nothing happened. (*Id.*) When it was time for the 10:00 p.m. "Lock in," plaintiff told the correctional staff of the floor that he was in pain and they "asked to see the affected area, . . . [and] said that [it] was bad [and] . . . they would call medical." (*Id.*) After "[s]ome more time lapsed[,] . . . [plaintiff] ask[ed] agian [sic] [and] they said if medical calls they'll get [him] time to Lock in[,]" (*id.*), but a little while later, "they told [him] it wasn't an emergency." (*Id.*) Plaintiff told them that it was an emergency and "that [he] was having trouble breathing [and] having chest pains[,]" (*id.*), and "they said if [he] went to medical and [medical] said it wasn't an emerg[ency] [he] would recie [sic] a disciplinary pack up." (*Id.*) According to plaintiff, he did not see a doctor or receive any medical treatment for seven (7) to eight (8) days. (*Id.*)

Plaintiff alleged in his original complaint, *inter alia*, that he "contracted mercer [sic], had an open soar [sic] on [his] body in an unsanitary condition, neglected medical care[,] chest and breathing problems in bacteria infested area[,] did not receive proper diet, medications, IV fluids. . ., dressing changes, clothing [] changes, sanitary conditions, no proper medical treatment was recieved [sic], oozing of puss [sic] substance on self, bleeding and constant severe pain, sleeplessnes [sic], hopelessness, anxiety, panic, depression, mental anguish and other emotional trauma. . . ," (Compl. at 7), and sought damages in the total amount of six hundred thousand dollars ($600,000.00) for his pain and suffering. (*Id.*)

B.     Amended Complaint

In the amended complaint plaintiff alleges, *inter alia*, (1) that on or about June 11, 2015, he was bitten on his left leg by a spider in the shower at the NCCC "and contracted mercer [sic]," (Amended Complaint ["Am. Compl."], at 1); (2) that on June 12, 2015, "[t]he bite grew larger and spread so [he] kn[e]w it was infected and spewing pus[] and causing [him] a substanle [sic] amount of pain[,]" (*id.*); (3) that he "told Nurse #1 [] and correctional officers #1 [] and # 2 [] that [he] was in pain and they ignored [his]pleas for medical assistance and help[,]" (*id.*); (4) that after poking his wound with a medication cup, causing him to cringe in pain, the nurse said, "That's bad. I'll alert medical," but nothing happened[,] (*id.*); (5) that when it was almost time to "lock in," he "told the pm correctional officers #1 [] and # 2 [] that [he] was experiencing problems breathing and [his] chest was now causing [him] pain, [and] they said they would call 'medical' and get back to [him]," (*id.*); (6) that he "then told them that [his] infected wound was causing th[e] situation [so] they asked to see it and . . . told [him] it was really bad and they would get back to [him]," but nothing happened, (*id.*); and (7) that on June 13, 2015, he "put in several sick calls and continued to try to aquire [sic] some type of proper medical care but was neglected all proper care by NCCC [and] Armor . . . ." (*Id.*)

Plaintiff alleges that he "[c]ontracted mercer [sic] due to neglagent [sic] staff of [the] County and Armor . . . [and] ha[s] sustained unrepairable [sic] skin damage, loss of feeling in [his] left leg area, numbness at times and pain [and] suffering," (Am. Compl. at 2), and seeks to recover damages in the amount of three hundred thousand dollars ($300,000.00).

4

III.    Discussion

    A.    Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015), and to construe them "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume "all well-pleaded, nonconclusory factual allegations in the complaint to be true." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), *aff'd*, — U.S. —, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009)); *see also Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). While the plausibility standard "does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "A pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1937).

      B.     Claims against the County and Armor

The amended complaint does not cure the pleading deficiencies in plaintiff's claims against the County and Armor set forth in the October 28, 2015 Order. Like the original complaint, the amended complaint is devoid of any factual allegations from which it may reasonably be inferred that a policy or custom of the County or Armor caused the conduct of which plaintiff complains. Plaintiff has not alleged, *inter alia*: (1) the existence of a formal policy which was officially endorsed by the County, the NCCC or Armor; (2) actions taken or decisions made by policymaking officials of the County, the NCCC or Armor which caused the alleged violations of his civil rights; (3) a practice of the County, the NCCC or Armor so persistent and widespread as to practically have the force of law; or (4) a failure by policymakers of the County, the NCCC or Armor to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with their employees. Accordingly, plaintiff's Section 1983 claims against the County and Armor are dismissed in their entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

C.      Section 1983 Claim

Section 1983 of Title 42 of the United States Code provides, in relevant part, that:

> "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

To state a claim under Section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *see also Rehberg v. Paulk*, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). The factual allegations in plaintiff's complaint fail to satisfy the second element, i.e., to state a plausible claim that plaintiff was deprived of a constitutional or federal right.

Prison officials have a duty, imposed under either the Eighth Amendment with respect to convicted prisoners or the Due Process Clauses of the Fifth and Fourteenth Amendments with respect to pretrial detainees in federal custody and state custody, respectively,[2] to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and [to] take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (quotations and citations omitted). Liberally read, plaintiff's amended complaint seeks to assert a Section 1983 claim against the "Doe" defendants

---

[2] The same "deliberate indifference" standard applies to claims challenging prison conditions regardless of whether the claim is brought under the Eighth Amendment or the Due Process Clauses of the Fifth and Fourteenth Amendments. *See Caiozzo v. Koreman*, 581 F.3d 63, 70-1 (2d Cir. 2009).

for deliberate indifference to his serious medical needs, which has both an objective and subjective component. *See Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013); *Collazo v. Pagano*, 656 F.3d 131, 135 (2d Cir. 2011).

The objective component of a deliberate indifference claim requires that "the alleged deprivation * * * be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain, exists." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)); *see also Farmer*, 511 U.S. at 834, 114 S. Ct. 1970 ("First, the deprivation alleged must be, objectively, sufficiently serious." (quotations and citation omitted)). In order to determine whether an alleged deprivation of medical care was objectively serious, the court must inquire (1) whether the inmate was "actually deprived of adequate medical care," i.e., whether the prison officials acted reasonably in response to the inmate's medical needs; and (2) "whether the inadequacy in medical care [was] sufficiently serious," i.e., how the challenged conduct was inadequate and what harm, if any, the inadequacy has caused or will likely cause the inmate. *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006).

"[I]f the unreasonable medical care is a failure to provide any treatment for an inmate's medical condition, courts examine whether the inmate's medical condition is sufficiently serious." *Salahuddin*, 467 F.3d at 280. "In cases where the inadequacy is in the medical treatment given, the seriousness inquiry is narrower[,]" *id.*, and the focus is "on the alleged inadequate treatment, not the underlying condition alone." *Butler v. Furco*, 614 F. App'x 21, 22 (2d Cir. Aug. 25, 2015) (summary order); *accord Hale v. Rao*, 768 F. Supp. 2d 367, 378 (N.D.N.Y. 2011); *Jordan v. Fischer*, 773 F. Supp. 2d 255, 275 (N.D.N.Y. 2011). "When the

8

basis for a prisoner's [deliberate indifference] claim is a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone in analyzing whether the alleged deprivation is, in objective terms, sufficiently serious to support a[] [deliberate indifference] claim." *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003) (emphasis, quotations and citations omitted); *accord Salahuddin*, 467 F.3d at 280. "[I]t's the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition, considered in the abstract, that is relevant * * *." *Smith*, 316 F.3d at 186; *see also Salahuddin*, 467 F.3d at 280. In evaluating the objective component of a deliberate indifference claim based upon a delay or interruption in treatment, courts must "focus[] on the particular risks attributable to the missed * * * medication [or other delay or interruption in treatment], rather than on [the plaintiff's underlying medical condition] alone. . . ." *Smith*, 316 F.3d at 187. Where the "risk of harm" the plaintiff faced as a result of missed medication, or other delay in treatment, is "not substantial," there is no constitutional violation. *Bellotto v. County of Orange*, 248 F. App'x 232, 237 (2d Cir. Sept. 26, 2007) (summary order).

"Subjectively, the official must have acted with the requisite state of mind, the 'equivalent of criminal recklessness,'" *Collazo*, 656 F.3d at 135 (quoting *Hathaway*, 99 F.3d at 553); *see also Farmer*, 511 U.S. at 834, 114 S. Ct. 1970 (holding that the second requirement for a deliberate indifference claim is that a prison official must have acted or failed to act with a "sufficiently culpable state of mind"); *Wilson v. Seiter*, 501 U.S. 294, 299, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (holding that a deliberate indifference claim "mandate[s] inquiry into a

9

prison official's state of mind"), i.e., the official must have "act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm will result." *Salahuddin*, 467 F.3d at 280; *see also Farmer*, 511 U.S. at 842, 114 S. Ct. 1970; *Caiozzo*, 581 F.3d at 72 (holding that the plaintiff must establish that the official "knew of and disregarded an excessive risk to [the plaintiff's] health or safety and * * * was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference." (alterations and quotations omitted)). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835, 114 S. Ct. 1970; *see also Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013).

Generally, "mere allegations of negligent malpractice do not state a claim of deliberate indifference." *Hathaway*, 99 F.3d at 553; *see also Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L. Ed. 2d 251 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim * * * under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Hill*, 657 F.3d at 123 ("Medical malpractice does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness– an act or a failure to act by a prison doctor that evinces a conscious disregard of a substantial risk of serious harm." (quotations and citation omitted)); *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("'Deliberate indifference' describes a mental state more blameworthy than negligence * * * [and] is a state of mind that is the equivalent of criminal recklessness. * * * A showing of medical malpractice is therefore insufficient to support an Eighth Amendment claim unless the malpractice involves culpable recklessness, i.e., an act or a failure to act * * * that evinces a

conscious disregard of a substantial risk of serious harm." (internal quotations and citations omitted)).

Plaintiff does not allege any facts from which it may reasonably be inferred that any of the "Doe" defendants acted with the requisite state of mind, i.e., disregarded a substantial risk to his health and safety, in purportedly failing to procure him medical treatment for his spider bite on June 12, 2015. Indeed, plaintiff alleges only that the "Doe" defendants' conduct was negligent. (See Am. Compl. at 2). Accordingly, plaintiff's Section 1983 claims against the "Doe" defendants are dismissed in their entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

IV. Conclusion

For the reasons set forth above and in the October 28, 2015 Order, plaintiff's claims against the County and Armor are *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief; and, for the reasons set forth above, plaintiff's claims against the "Doe" defendants are *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief. The Clerk of the Court shall enter judgment in favor of defendants; close this case; and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

                                                             /s/
                                       Sandra J. Feuerstein
                                       United States District Judge

Dated: April 11, 2016
       Central Islip, New York